UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
                               :

KINGS ROAD INVESTMENTS LTD.,    :
                               :

            Plaintiff,        :
                               :

            v.           :     06 Civ. 3433 (BSJ)
                               :

GLOBAL POWER EQUIPMENT GROUP INC.,    :
                               :

           Defendant.     :
                               :

                               :
---------------------------------------------------------------------- X

## ANSWER OF DEFENDANT GLOBAL POWER EQUIPMENT GROUP INC. TO COMPLAINT

       Defendant Global Power Equipment Group Inc. ("GPEG"), by and through its attorneys White & Case LLP, for its Answer to the Complaint of Plaintiff Kings Road Investments Ltd. ("Kings Road"), responds as follows:

## NATURE OF THE ACTION

    1.      Denies the allegations in paragraph 1 of the Complaint.

## THE PARTIES

    2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

    3.      Admits the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

    4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

    5.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 5 of the Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.     Denies the allegations in paragraph 7 of the Complaint and refers to the Securities Purchase Agreement for the terms thereof.

## FACTS

8.     Denies the allegations in paragraph 8 of the Complaint, except admits that GPEG entered into certain Convertible Senior Subordinated Notes ("Notes") with Kings Road (the "Note"), Steelhead Investments Ltd., D.B. Zwirn Special Opportunities Fund, L.P., D.B. Zwirn Special Opportunities Fund, Ltd. and HCM/Z Special Opportunities LLC (collectively the "Note Holders") on or about November 23, 2004, and refers to the Notes for the terms thereof.

9.     Denies the allegations in paragraph 9 of the Complaint, except admits that GPEG entered into the Notes and the Securities Purchase Agreement with the Note Holders, and refers to the Notes and the Securities Purchase Agreement for the terms thereof.

10.     Denies the allegations in paragraph 10 of the Complaint and refers to the Note for the terms thereof.

11.     Denies the allegations in paragraph 11 of the Complaint and refers to the Note and other Transaction Documents for the terms thereof.

12.     Denies the allegations in paragraph 12 of the Complaint and refers to Paragraph 3 of the Securities Purchase Agreement for the terms thereof.

13.     Denies the allegations in paragraph 13 of the Complaint and refers to Paragraph 4(c) of the Securities Purchase Agreement for the terms thereof.

14.     Denies the allegations in paragraph 14 of the Complaint, except admits that GPEG entered into a Registration Rights Agreement with the Note Holders on or about November 23,

2004 ("Registration Rights Agreement"), and refers to the Registration Rights Agreement for the terms thereof.

15.     Denies the allegations in paragraph 15 of the Complaint, except admits that GPEG has received correspondence from Note Holders purporting to demand that GPEG redeem the Notes.

16.     Denies the allegations in paragraph 16 of the Complaint, except admits that GPEG filed a Form 8-K on March 8, 2006 ("March 8 Form 8-K") and that GPEG issued a press release on March 8, 2006 ("March 8 Press Release") and refers to the March 8 Form 8-K and the March 8 Press Release for the terms thereof.

17.     Denies the allegations in paragraph 17 of the Complaint and refers to the March 8 Form 8-K for the terms thereof.

18.     Denies the allegations in paragraph 18 of the Complaint, except admits that on or about March 16, 2006, GPEG extended the time to file its 2005 Form 10-K until March 31, 2006, and that GPEG had not filed its 2005 Form 10-K as of May 4, 2006.  Further admits that it issued a press release on or about March 30, 2006 ("March 30 Press Release") and refers to the March 30 Press Release for the terms thereof.

19.     Denies the allegations in paragraph 19 of the Complaint, except admits that paragraph 4(a)(x) of the Note requires that in order to constitute an Event of Default, a breach of a representation, warranty or covenant in the Securities Purchase Agreement or Registration Rights Agreement must be material.

20.     Denies the allegations in paragraph 20 of the Complaint.

21.     Denies the allegations in paragraph 21 of the Complaint and refers to the March 8 Form 8-K for the terms thereof.

22.    Denies the allegations in paragraph 22 of the Complaint, except admits that as reported by Yahoo Finance, GPEG's stock price closed at $4.85 per share on March 8, 2006 and closed at $3.99 per share on March 9, 2006.  GPEG refers to the March 8 Press Release for the terms thereof.

23.    Denies the allegations in paragraph 23 of the Complaint, except admits that GPEG hosted a conference call on March 9, 2006 and refers to the transcript of the conference call for the record thereof.

24.    Denies the allegations in paragraph 24 of the Complaint, except admits that GPEG issued a press release on March 30, 2006 ("March 30 Press Release") and refers to the March 30 Press Release and the Note for the terms thereof.

25.    Denies the allegations in paragraph 25 of the Complaint, except admits that the Registration Rights Agreement contains provisions designated as paragraphs 2(a) and 3(a) and refers to the Registration Rights Agreement for the terms thereof.

26.    Denies the allegations in paragraph 26 of the Complaint, except admits that the Note contains a provision designated as paragraph 4(a)(i) and refers to the Note for the terms thereof.

27.    Denies the allegations in paragraph 27 of the Complaint.

28.    Denies the allegations in paragraph 28 of the Complaint, except admits that on or about March 31, 2006, Steelhead Investments Ltd. sent what purported to be an Event of Default Redemption Notice to GPEG and refers to the March 31 letter for the terms thereof and admits that on or about April 10, 2006, D.B. Zwirn Special Opportunities Fund, L.P, D.B. Zwirn Special Opportunities Fund, Ltd. and HCM/Z Special Opportunities LLC collectively sent what

purported to be an Event of Default Redemption Notice to GPEG and refers to the April 10 letter for the terms thereof.

29.     Denies the allegations in paragraph 29 of the Complaint, except admits that on or about April 13, 2006, Kings Road sent what purported to be an Event of Default Redemption Notice and refers to Kings Road April 13 letter for the terms thereof and further admits that Kings Road sent another letter on May 4, 2006 alleging additional purported Events of Default, and refers to the May 4 letter for the terms thereof.

30.     Denies the allegations in paragraph 30 of the Complaint, except admits that each Note Holder has purportedly demanded that GPEG redeem the Notes and refers to the Notes for the terms thereof.

31.     Denies the allegations in paragraph 31 of the Complaint and refers to paragraph 13(a) of the Notes for the terms thereof.

## CLAIM FOR RELIEF

32.     Repeats and realleges by reference each and every response to Kings Road's allegations contained in each and every aforementioned paragraph as though fully set forth herein.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

## **AFFIRMATIVE DEFENSES**

As separate and distinct defenses to the Complaint, and to Kings Road's alleged claim, GPEG, without conceding that it bears the burden of proof as to any of them and without in any way admitting any of the allegations of the Complaint, alleges as follows:

1.      Kings Road fails to state a claim upon which relief can be granted and therefore is not entitled to the relief sought in the Complaint

2.      Kings Road's claim against GPEG is barred, in whole or in part, to the extent that Kings Road has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

3.      Kings Road's claim against GPEG is barred, in whole or in part, by the doctrine of laches.

4.      Kings Road's claim against GPEG is barred, in whole or in part, by the doctrine of waiver.

5.      Kings Road's claim against GPEG is barred, in whole or in part, by the doctrine of unclean hands.

6.      Kings Road's claim against GPEG is barred, in whole or in part, by impossibility of performance.

7.      Kings Road's claim against GPEG is barred, in whole or in part, because Kings Road has materially breached the Notes and the other Transaction Documents.

8.      Kings Road is barred from obtaining the requested relief against GPEG, in whole or in part, by equitable principals because enforcement of the redemption provision and Event of Default interest provision of the Notes would constitute an unconscionable penalty under the circumstances of this case.

9.       Kings Road's claim against GPEG is barred, in whole or in part, because Kings Road has not suffered any damages as a result of the alleged conduct.

10.      Kings Road's claim against GPEG is barred, in whole or in part, because GPEG's actions were not the cause of any damage allegedly suffered by Kings Road.

11.      Kings Road has failed to mitigate the damages alleged in the Complaint and as a result is not entitled to recover any damages from GPEG.

12.      GPEG reserves any and all rights to assert additional affirmative defenses and/or counterclaims based upon additional information learned during the course of this action.

**WHEREFORE**, GPEG demands judgment in its favor and against Kings Road as follows:

a.       dismissing the Complaint with prejudice;

b.       granting to GPEG its costs and expenses incurred in defending this action, including reasonable attorneys' fees; and

c.       granting such and other and further relief as the Court may deem just and proper.

Dated: New York, New York
          June 19, 2006

**WHITE & CASE** LLP

By: ____/s/ Andrew W. Hammond_____
      Glenn Kurtz (GK-6272)
      Andrew W. Hammond (AH-0415)
      Martin S. Bloor (MB-9307)
1155 Avenue of the Americas
New York, New York  10036-2787
Tel:    212 819 8200
Fax:    212 354 8113

*Attorneys for Defendant Global Power Equipment Group Inc.*