UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
KINGS ROAD INVESTMENTS LTD.,                                      :
                                                                  :
                           Plaintiff,                             :
                                                                  :
            v.                                                    :   06 Civ. 3433 (BSJ)
                                                                  :
GLOBAL POWER EQUIPMENT GROUP INC.,                                :
                                                                  :
                           Defendant.                             :
                                                                  :
------------------------------------------------------------------X

## AFFIRMATION OF ANDREW W. HAMMOND, ESQ.

1.  I am a member of the bar of this Court and a partner with the law firm of White & Case LLP, attorneys for Defendant Global Power Equipment Group, Inc. ("GPEG") in the above captioned action. I am familiar with the facts and circumstances of this action and the matters set forth below. I make this affirmation in support of GPEG's Request for Discovery Under Rule 56(f) of the Federal Rules of Civil Procedure.[1]

2.  The Complaint in this action was filed on May 4, 2006. GPEG filed its answer to the Complaint on June 19, 2006.

3.  On June 26, 2006, Magistrate Judge Michael Dolinger entered an order scheduling a pre-trial conference in this matter for July 10, 2006.

4.  At the conference, counsel for Kings Road Investments Ltd. ("Kings Road") took the position that no discovery was necessary and that Kings Road intended to immediately file a motion for summary judgment. Counsel for GPEG objected, noting that there was nothing unusual about this case that would justify bypassing discovery.

---

[1] Capitalized terms used have the meaning as defined in GPEG's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Request for Discovery Under Rule 56(f) of the Federal Rules of Civil Procedure, dated August 21, 2006.

1

5.  During the conference, Magistrate Dolinger noted that he would not enter a scheduling order provided that Kings Road promptly filed a motion for summary judgment. Magistrate Dolinger further stated that GPEG could seek the discovery necessary to fully respond to the contemplated motion under Rule 56(f).

6.  On July 12, 2006, Magistrate Dolinger entered an order stating that on the condition that Kings Road file its motion for summary judgment by no later than July 24, 2006, no pretrial scheduling order would be entered. Kings Road filed its motion for summary judgment on July 24, 2006.

7.  No discovery has been conducted in this matter to date.

8.  In order for GPEG to properly respond to Kings Road's motion for summary judgment, discovery on the following issues is necessary and appropriate:

   a. Why the parties provided that section 2(f) of the RRA was intended to provide "partial relief for the damages to any holder by reason of any such delay in or reduction of its ability to sell the underlying shares of Common Stock" and what the parties intended by including such language in the RRA;

   b. Whether the parties intended section 4(a)(i) of the Note to provide relief to the note holders in the same circumstances that would trigger section 2(f) of the RRA for the failure to maintain the registration statement;

   c. Whether the parties contemplated that the provisions in the Transaction Documents relating to the maintenance of the registration statement would entitle Kings Road to compensation in circumstances where it held no Common Stock, had no financial interest in converting its Note to Common Stock, and suffered no injury;

   d. Whether the parties ever anticipated the potential damages that Kings Road would sustain in the event that the registration statement became unavailable in various potential

scenarios, including where the conversion price of the Note greatly exceeded the market price of the Common Stock and the holder had yet to convert its Note;

  e. The actual damages that Kings Road has sustained in connection with the alleged breach; and

  f. Whether the purported Event of Default Redemption Notices of the Zwirn Entities and Steelhead attached to the Affirmation of Gregory A. Kasper submitted in connection with Kings Road's motion are valid.

 9. GPEG proposes to develop the factual record with respect to the topics identified above by propounding document requests and interrogatories on Kings Road, and also deposing the relevant persons involved in the negotiation of the Transaction Documents, and persons with relevant knowledge of any damage sustained by Kings Road in connection with the alleged breach.

 10. The discovery identified above will allow GPEG to develop evidence with respect to the intentions and expectations of the parties in entering into the transaction and to explore potential areas of ambiguity in certain of the relevant Transaction Documents.

 11. Such discovery will also allow GPEG to develop the evidence necessary to present equitable defenses to the claims asserted by Kings Road in this action. For example, GPEG would seek to develop facts showing that if the Court sustains Kings Road's interpretation of the relevant provisions in the Transaction Documents, such provisions would constitute an unenforceable penalty.

 12. The discovery that GPEG seeks with respect to the factual issues identified above is also inextricably linked to discovery that would likely be conducted in connection with the remainder of the alleged breaches identified in Kings Road's Complaint that are not at issue in this motion. Such discovery is also necessary to determine whether the purported Event of Default Redemption Notices relied on by Kings Road to satisfy the Required Holders provision

in section 30(uu) of the Note are valid. For example, upon information and belief, evidence concerning the materiality of certain alleged breaches would likely be provided by the same witnesses that would testify regarding the ambiguity of the Transaction Documents, or the damages that the parties contemplated could result due to a lapse in the effectiveness of the registration statement.

13. Upon information and belief, the issues identified above could potentially raise genuine issues of material fact that would need to be determined by a jury at trial.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       August 21, 2006

                                        /s/Andrew W. Hammond
                                        Andrew W. Hammond

NEWYORK 5743327 v2 (2K)